FERNANDO R. COLÓN ET AL., Plaintiffs and Appellants, v. MANUEL A. BARRETO, ETC., Defendant and Appellee.

No. 8434. Argued December 8, 1941.—Decided December 15, 1941.

*Oscar Souffront, Amador Ramírez Silva,* and *José Sabater* for appellants. *Enrique Báez García* and *Federico Tilén* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Zoilo Rivera, Jr., filed charges against Fernando R. Colón and José Z. Zapata, Commissioners of the Mayagüez Municipal Housing Authority, and acting upon said charges Manuel A. Barreto, in his capacity as mayor, suspended them from office pending an investigation of the said charges. He served them with a copy of the same and allowed them ten days to file their answer and advised them that after such filing a hearing would be held where they could appear personally and assisted by counsel for the taking of the evidence.

Alleging that Barreto was not lawfully holding the office of Mayor of Mayagüez and, consequently, that he had no authority to entertain the charges, Colón and Zapata applied to the District Court of Mayagüez for a writ of injunction to restrain the mayor from proceeding with the hearing of the charges, and further from putting into effect the order suspending the petitioners from office.

After a rule to show cause had been issued, the defendant appeared and filed a motion to quash together with his answer. The motion to quash the petition for injunction was

argued orally and by briefs and, the lower court, on September 24th last, made an order denying both the preliminary and the perpetual injunction sought, relying on the repeated jurisprudence of this court to the effect that the remedy of injunction does not lie to determine the validity of the title to a public office, and citing, among others, the decision in *Cupril* v. *Parra,* 33 P.R.R. 720, 721.

In this appeal, taken from the said order, the appellants do not challenge the jurisprudence invoked by the court below but seek to distinguish the same and say that the question for determination in the injunction proceeding is the validity of an ordinance of the Municipal Assembly of Mayagüez, consolidating the offices of mayor and school director, which consolidation, as claimed by them, is prohibited by the Municipal Law in force.

We can not agree with the plaintiffs. The primary purpose of the injunction proceeding is not to obtain an abstract declaration on the nullity of an ordinance, inasmuch as plaintiffs would not be benefited thereby if such declaration did not declare also the nonexistence of the office of the respondent. That being so, the real issue is the title to the office, to be determined in a *quo warranto* proceeding, which, although an extraordinary remedy, is a remedy at law and therefore precludes that of injunction, which is an equitable remedy; it being moreover a fundamental principle of equity jurisprudence that equity only interferes to protect rights of property or civil rights, but generally never concerns itself with the protection of a politic right such as the title to public office. *State ex rel. McCaffery* v. *Aloe,* 47 L.R.A. 393, and authorities cited; *People ex rel., Corscadden* v. *Howe,* 66 L.R.A. 664; 2 High on Injunctions (3d ed.) p. 1026 *et seq.;* 14 R.C.L. 365.

In *Cupril* v. *Parra, supra,* Cupril, alleging that he was holding the office of Auditor of the Municipality of Ponce to which he had been appointed, filed a petition praying the dis-

trict court to issue a perpetual writ of injunction directed to the respondents, Francisco Parra Capó and Eugenio Lecompte, restraining them from disturbing the petitioner in the discharge of his duties as such municipal auditor. The petition denied that Francisco Parra Capó was Mayor of the Municipality of Ponce and alleged that without lawful authority he intended to appoint Lecompte in petitioner's place. Affirming the judgment which denied the injunction petition, this court said:

". . . Although we agree with the conclusion of the court below in denying the injunction, the ground of the decision is entirely erroneous. The real reason should be that injunction is not the petitioner's proper remedy. In the case of *Nieves* v. *Foote*, 30 P.R.R. 760, the rule was laid down that an injunction, as an equitable remedy, is not the proper remedy against an official or body having authority to remove or enjoin the removal of a public employee, nor against the person appointed in the place of the removed official to restrain him from performing the duties of his office. The reason for this rule seems to be based on the theory that a public office is not a property right which equity can maintain or enforce. If the office is remunerative, however, this does not preclude an action at law by the official unlawfully removed to recover his compensation.

"Besides, the petition for an injunction involves a controversy with regard to the right of defendant Francisco Parra Capó to the office of mayor of Ponce. No matter what may be the color of his authority as such mayor, in any event this question could not be determined in injunction proceedings."

The case of *Cupril* v. *Parra, supra,* might be distinguished from the case at bar in that in the former there was involved, at least, a *de facto* officer, inasmuch as the existence of the office of Mayor of Ponce was not challenged and, therefore, it was a *de jure* office, whereas in the case at bar, should the ordinance creating the office filled by the respondent actually turn out to be void, the incumbent could be neither a *de jure* nor a *de facto* officer, as the existence of a *de facto* officer is predicated upon the existence of a valid office. Such distinction, however, does not prevent the application of the same

principle to either case, as municipal ordinances, like laws, are presumed to be valid unless otherwise determined by the courts. 6 R.C.L. 101, par. 100; *State ex rel. Lachtman* v. *Houghton*, L.R.A. 1917 F. 1050; *Chicago* v. *Washingtonian Home*, 6 A.L.R. 1584.

In *State ex rel. McCaffery* v. *Aloe, supra,* the lower court issued a writ of injunction to restrain the respondents from taking possession of their offices on the assumption that the act that created the offices in question was unconstitutional, and the Supreme Court of Missouri, in issuing a perpetual writ of prohibition held that the court of equity had no power to issue a writ of injunction upon the mere allegation of the petitioners to the effect that the act creating the offices was unconstitutional, where there was no declaration to that effect by a competent court.

In the case at bar no court has yet held that the ordinance creating the office filled by the defendant was invalid, and consequently, said ordinance carries with it the presumption of validity and it can not be maintained that the defendant was an intruder in the possession of the office.

For the reasons stated, and in view of the repeated jurisprudence of this court holding the remedy by injunction to be improper in cases like the present one, no judgment could be rendered other than that entered by the lower court and, therefore, the appeal must be dismissed as frivolous.

Mr. Justice Todd, Jr., took no part in the decision of this case.